Cubbins *v.* Ayres.

JOHN CUBBINS *v.* T. S. AYRES et als.

LANDLORD AND TENANT. *Trade fixtures.* As between landlord and tenant, trade fixtures, although securely fastened to the freehold, may be removed by the tenant or his assignee, if the removal can be effected without material injury to the freehold. A stipulation in a lease that the tenant should make no "alterations or repairs," without the consent of the landlord in writing, and furhter, in the same sentence, that he should not remove "any repairs, improvements, additions or fixtures," was held not to apply to trade fixtures.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J.

W. M. RANDOLPH, for Cubbins.

METCALF & WALKER for Ayres.

Cubbins *v.* Ayres.

Cooper, J., delivered the opinion of the Court.

Action of replevin by the assignee of a tenant against the landlord for certain articles placed in the leased premises for the purposes of his trade, that of the keeper of a hotel and restaurant, and which the landlord claimed as fixtures he was entitled to under the terms of the lease.

The case was tried by the Circuit Judge, without the intervention of a jury, who gave judgment for the plaintiff, except as to three articles, the bar-room counter. and shelving, the office counter, and an iron safe, which he adjudged to belong to the defendant.

Both parties joined in presenting a bill of exceptions, but the plaintiff alone has appealed in error.

The safe in controversy was a large one, resting on rollers, and placed in an opening in the wall.

The opening being larger than the safe, the tenant, in order to make it appear well, had a frame or structure of wood made, fitting and securely fastened to the sides and top of the wall around the opening, and enclosing the safe within it. The safe extended beyond the wall on each side, and was so enclosed by the wooden frame or structure around it that it could not be removed without taking away the frame or structure. It was, however, not fastened to the frame, nor to the wall, nor to the floor. It could not be removed without also tearing away the office counter

that surrounded it. The counter was circular, and was nailed to the wall and the floor. The bar-room counter was also circular at one end, and approached the wall of the building, and was nailed to the wall and the floor. The shelving was behind the counter, and was fastened by nails both to the wall and the floor.

As long ago as 1818, it was said by this Court, in substance, that the decisions in modern times had gone far, as between landlord and tenant, to consider fixtures made for the purpose of carrying on a man's trade, as not coming under the idea of fixtures becoming a part of the freehold: *Pillow* v. *Love*, 5 Hayw., 109. And the Court has recently recognized the fact that, as a general rule, things which the tenant has affixed to the freehold for the purpose of trade or manufacture may, although securely fastened to the freehold, be removed when the removal can be effected without material injury to the freehold, and without losing their essential character as chattels: *McDavid* v. *Wood*, 5 Heis., 96. This last case also notices the point which goes far to give us a clue to the labyrinth of this branch of the law, that it is not so much the manner in which the fixture is attached to the freehold which controls the rights of the parties, as the relation of the parties, the intention in attaching, and the use to which it is put: *Cannon* v. *Hare*, 1 Tenn. Ch., 22.

Under the circumstances of this case, in view of the law as it now stands, the plaintiff, or as-

signee, would be entitled to the articles above mentioned, unless there is something else in the case. For these articles were most clearly trade fixtures, expressly put there for the purpose of the tenant's business, and used for carrying on his occupation. And, although the counters and shelving were securely fastened to the freehold, and the safe surrounded by wood work, put there for ornamentation, and fastened in like manner, yet there is nothing to show that they could not be removed without "material injury" to the freehold. The wooden frame work was, in reality, an attachment to the safe, and might, so far as appears, be removed without serious injury to the wall. Some injury must result, even from drawing a nail. But the question is, can the removal be effected without material injury. The exigencies of trade demand concessions in this regard which have long been yielded.

It is argued, however, that the defendant is entitled to these articles under the terms of his contract of lease with the tenant. The lease contains the following provisions, being part of a printed form in common use in the city of Memphis: "It is further agreed that no alterations or repairs shall be done to any part of said premises by said second party (the tenant) without the first party (the landlord's) consent in writing, under the penalty of double the costs necessary to put the premises in the condition they were when leased to said second party, and the said second party

shall not, at any time, remove any repairs, improvements, additions or fixtures put on said premises, but the first party shall have and hold all of the same at the end of said lease."

The wording, it will be noticed, is peculiar, and leaves the precise object had in view in some doubt. But it seems very clear that the word "fixtures," in the connection in which it is used, was not intended to embrace trade fixtures. For, if such had been the design, the contract would have been more clearly expressed. It could scarcely be seriously contended, nor has it been in the argument, that all the trade fixtures of a large hotel and restaurant would pass to the landlord under so obscure a sentence. The Circuit Judge in this very case held. that the plaintiff was entitled to all the trade fixtures except those above mentioned, some of which were as securely fastened to the freehold as those now in controversy, the large glass mirror for example.

What the parties meant by "fixtures" were such permanent ameliorations in the nature of the "repairs, improvements and additions" with which it is associated. They must be such as become actually a part of the freehold. It is a case for the application in a contract of the rule of *ejusdem generis*, so often applied in wills.

The judgment must be reversed, and a judgment rendered here for the plaintiff for the whole property, one cent damages and the costs.