Hallie H. GREEN, Plaintiff-Appellee,

v.

Joe HARPER and wife, Maxine Harper, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 6, 1985.

Application for Permission to Appeal Denied by Supreme Court Nov. 18, 1985.

Jacky O. Bellar, Carthage, for plaintiff-appellee.

Randy Wakefield, Carthage, for defendants-appellants.

## OPINION

LEWIS, Judge.

This suit arose when defendants-lessees, at the termination of a lease, removed certain additions and improvements from the leased premises.

In 1967 plaintiff entered into a lease with J.C. Rhoton and Davis Duff to lease unimproved land owned by plaintiff on which a drive-in theater was to be constructed by Rhoton and Duff. In 1970, after construction of the drive-in theater, Rhoton and Duff, with the acquiescence of the plaintiff, assigned the lease to defendants.

The lease in pertinent part provides as follows:

*Paragraph IV:* Immediately upon its taking possession of the demised premises, Lessees agree to commence and diligently pursue to completion the construction of a drive-in theatre [sic] on the demised premises in accordance with plans and specifications approved by Lessors and Lessees.

*Paragraph IX:* Lessees at their sole cost and expense shall maintain the demised premises and the improvements to be constructed thereon in good order and repair including both exterior and interior, structural and nonstructural repairs. At the termination of this lease, Lessees shall deliver the demised premises, including the improvements to be constructed thereon in as good condition as when received or constructed, reasonable wear and tear damage by the elements excepted. The Lessors or their agents or employees shall have the right to enter the demised premises during reasonable business hours for the purposes of examining the condition of same.

*Paragraph X:* At any time after completion of the construction as hereinabove set out, the Lessees shall have the right, at their own cost and expense, to make such additions, alterations or changes in the demised premises as may be necessary or desirable to make the same suitable for the purposes of Lessees; provided, however, that such replacements, alterations, or changes shall not diminish the value of the demised premises.

*Paragraph XXII:* Provided that it is not in default hereunder, the Lessees may at or prior to the expiration of the original or any renewal term of this lease remove any and all fixtures and equipment which Lessees have placed on the demised premises, provided that Lessees shall repair any damage caused by any such removal.

In 1982 at the termination of the five-year extension of the lease, defendants removed (1) the movie screen and theater marquee, (2) the car speakers, (3) large roof lights, (4) three toilets, (5) three sinks, (6) porcelain light fixtures, (7) electric fuse boxes, (8) a water fountain, (9) window air conditioner, (10) a water heater, and (11) wall shelves.

It is plaintiff's insistence that the items removed were improvements to real property and, pursuant to Paragraph IX of the lease, were to be delivered to the plaintiff at the termination of the lease.

Defendants insist that all of the "items removed were fixtures and equipment which they were allowed to remove under Paragraph XXII of the lease."

Subsequent to a bench trial, the Trial Court entered judgment for the plaintiff in the sum of $6,280.45. This judgment was for the replacement of switch boxes, fuse boxes, outside lights, toilets and commodes which were removed by the defendants. The judgment also included defendants' pro rata share of the 1982 real property taxes.

Defendants admit they took the plumbing fixtures and the electrical lighting fix-

tures. They admit also that they removed the theater screen and the theater marquee by unbolting and removing them.

The evidence is that in removing the fixtures, little or no damage was done to the structure.

Defendants insist that the Trial Court erred in awarding any damages. They contend that all the items removed by them were "trade fixtures" and were removed without damage to the freehold.

In support of their contention, they rely on Paragraph XXII of the lease which provides that the lessee may "remove any and all fixtures and equipment which Lessees have placed on the demised premises."

They argue that even if the lease were silent as to the removal of "fixtures and equipment," the state of the law in Tennessee is such that they would be allowed to remove "trade fixtures."

Generally, everything affixed to the freehold becomes a part of the freehold. *Childress v. Wright*, 42 Tenn. (2 Cold.) 350, 352 (1865). However, as between landlord and tenant, there is an exception.

As long ago as 1818, it was said by this Court, in substance, that the decisions in modern times had gone far, as between landlord and tenant, to consider fixtures made for the purpose of carrying on a man's trade, as not coming under the idea of fixtures becoming a part of the freehold: *Pillow v. Love*, 5 Hayw., 109. And the Court has recently recognized the fact that, as a general rule, things which the tenant has affixed to the freehold for the purpose of trade or manufacture may, although securely fastened to the freehold, be removed when the removal can be affected without material injury to the freehold, and without losing their essential character as chattels: *McDavid v. Wood*, 5 Heis., 96. This last case also notices the point which goes far to give us a clue to the labyrinth of this branch of the law, that it is not so much the manner in which the fixture is attached to the freehold which controls the rights of the parties, as the relation of the parties, the intention in

attaching, and the use to which it is put: *Cannon v. Hare*, 1 Tenn. Ch., 22.
*Cubbins v. Ayres*, 72 Tenn. 329, 331 (1880).

In *Cubbins*, the lease contained a provision prohibiting the lessee from "at any time removing any repairs, improvements, additions, or fixtures put on the premises by the lessee." The lease specifically provided that improvements and additions, etc. would become the property of the lessor. The Court stated in regard to this provision:

The wording, it will be noticed, is peculiar, and leaves the precise object had in view in some doubt. But it seems very clear that the word "fixtures," in the connection in which it is used, was not intended to embrace trade fixtures. For, if such had been the design, the contract would have been more clearly expressed....

*Id.* at 333.

A reading of the entire lease in this case supports the Trial Judge's judgment. Paragraph XXII clearly contemplates that the lessees may remove the trade fixtures and equipment. The theater screen, marquee, etc. were trade fixtures under the circumstances of this case. The same cannot be said for the plumbing and light fixtures. The light fixtures, commodes, and other plumbing fixtures cannot be considered "trade fixtures." They were attached to and became a part of the freehold and were not fixtures which would be peculiar to the operation of a drive-in theater.

The judgment of the Trial Court is affirmed with costs assessed against the defendants-appellants and the cause remanded to the Trial Court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.